IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| KELLIE BATES, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Case No. 05-796-PK |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| LUCHT'S CONCRETE PUMPING, INC., | ) | |
| a Colorado corporation, | ) | |
| | ) | |
| Defendant. | ) | |

Elizabeth Farrell
P. O. Box 3614
Hillsboro, Oregon  97123

    Attorney for Plaintiff

Craig A. Crispin
Crispin Employment Lawyers
500 Plaza West
9600 S.W. Oak Street
Portland, Oregon  97223-6597

Page 1 - ORDER

Ralph G. Torres
1801 Broadway, Suite 1100
Denver, Colorado 80202-3839

    Attorneys for Defendant

KING, Judge:

    The Honorable Paul Papak, United States Magistrate Judge, filed Findings and Recommendation on December 6, 2006. The matter is before this court. See 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). Defendant has filed objections to the Findings and Recommendation and plaintiff has filed a response.

    When either party objects to any portion of the Magistrate's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate's report. See 28 U.S.C. § 636(b)(1)(C); <u>McDonnell Douglas Corp. v. Commodore Business Machines, Inc.</u>, 656 F.2d 1309, 1313 (9th Cir. 1981), cert. denied, 455 U.S. 920 (1982).

    Having given a *de novo* review of the issue raised in plaintiff's objections to the Findings and Recommendation, and for the following reasons, I decline to adopt the portion of Judge Papak's decision holding that plaintiff is entitled to maintain a wrongful discharge claim. The parties do not object to Judge Papak's remaining conclusions and, accordingly, I adopt those portions of the Findings and Recommendation in full.

    As acknowledged by Judge Papak, <u>Draper v. Astoria School Dist. No. 1C</u>, 995 F. Supp. 1122, 1130-31 (D. Or. 1998) contains the applicable standard. "[A] claim for common law wrongful discharge is not available in Oregon if (1) an existing remedy adequately protects the public interest in question, *or* (2) the legislature has intentionally abrogated the common law

remedies by establishing an exclusive remedy (regardless of whether the courts perceive that remedy to be adequate)." <u>Draper</u>, 995 F. Supp. at 1130-31 (emphasis added).

Applying the first factor in the <u>Draper</u> analysis, the legislature did not make the statute at issue here, ORS 652.355, the exclusive remedy. <u>Marshall v. May Trucking Co.</u>, No. CV 03-023-BR, 2004 WL 1050870, *5 (D. Or. Apr. 6, 2004); <u>Nash v. Resources, Inc.</u>, No. CV 96-1653-RE, 1997 WL 594472 (D. Or. Apr. 2, 1997). However, because the test is set forth in the disjunctive, resolving this issue does not satisfy the question of whether an adequate remedy exists.

Judge Brown has concluded that in her view the statute does not provide an adequate remedy because, unlike wrongful discharge, the statute does not provide for the full range of damages, such as noneconomic compensatory damages, that would be available to a plaintiff under a wrongful discharge claim. <u>Marshall</u>, 2004 WL 1050870, *6. Specifically, Judge Brown reads the language "actual damages or $200, whichever is greater" to mean out-of-pocket damages. <u>Id.</u>, quoting ORS 652.355(2). Judge Brown also noted that punitive damages are not provided under the statutory remedy whereas they would be available under the common law remedy.

In contrast, Judge Stewart has determined that the statute's provision for "actual damages" includes both economic and noneconomic relief. <u>Paugh v. King Henry's, Inc.</u>, No. CV 04-763-ST, 2005 WL 1565112, at *6 (D. Or. June 30, 2005), citing <u>Brown v. American Prop. Mgmt. Corp.</u>, 167 Or. App. 53, 59-60, 1 P.3d 1051, <u>review withdrawn</u>, 331 Or. 334, 19 P.3d 354 (2000). <u>Brown</u> held that the term "actual damages" in ORS 652.355 means both economic and noneconomic damages. In addition, in <u>Paugh</u>, Judge Stewart determined that the statutory provision for attorney fees offsets the lack of punitive damages.

Page 3 - ORDER

In resolving the second <u>Draper</u> factor, the focus is on whether the existing remedy *adequately* protects the public interest in question.[1] With regard to the absence of punitive damages, I find Judge Stewart's analysis in <u>Paugh</u> to be persuasive and agree that the availability of attorney fees offsets the lack of punitive damages. See <u>Paugh</u>, 2005 WL 1565112, *6-7.

As for whether "actual damages" includes noneconomic compensatory damages, <u>Brown</u>, the case upon which Judge Stewart relied, reviewed identical language in other statutes enacted by the Oregon legislature and evaluated the purpose of ORS 652.355. The court also stated, "Neither party has referred to any evidence in the enactment history of ORS 652.355 that sheds any light on the legislature's intentions, and we are aware of none." <u>Brown</u>, 167 Or. App. at 59.

I examined the legislative history to see for myself whether I could discern the legislature's intent in using the term "actual damages," but found no explanation for the term in the limited materials available. The focus of the discussions on Senate Bill 458, which passed over the governor's veto in a special session in 1980, centered on the benefits of a private cause of action, the addition of civil penalties, and the importance of an attorney fee provision. Based on these discussions, I can only speculate as to the legislative intent in enacting a provision that allows a claimant to collect "actual damages." Accordingly, I find <u>Brown</u> to be persuasive in interpreting the term, and conclude that ORS 652.355 allows for the recovery of noneconomic damages.

---

[1] I note Judge Papak's footnote that plaintiff does not argue the remedies in ORS 652.335(1) or 29 U.S.C. § 215(a)(3) are inadequate. However, I have concluded this issue needs to be resolved as a matter of law.

Page 4 - ORDER

As a result, although the legislature did not make ORS 652.355 the exclusive remedy for wage claim retaliation, because the statutory remedies are adequate plaintiff's wrongful discharge claim must be dismissed.[2]

Based on the foregoing, I do not adopt Judge Papak's Findings and Recommendation (#62) and I GRANT in part and DENY in part Defendant's Motion for Summary Judgment (#25). Finding no objections, and after appropriate review, Defendant's Motion to Strike (#55) is DENIED.

IT IS SO ORDERED.

Dated this ___26___ day of February, 2007.

Garr M. King
United States District Judge

---

[2] I need not reach defendant's alternative argument that 29 U.S.C. § 215(a)(3) provides adequate remedies.